# Exhibit F



# FACSIMILE COVER SHEET

U.S. ATTORNEY'S OFFICE, SDNY
ONE ST. ANDREW'S PLAZA
NEW YORK, NY 10007

*copy to B&y team PLC*

AUSA Name: __Lauren Goldberg__

AUSA Telephone No: __(212) 637-1040__

AUSA Fax No.: __(212) 637-2937__

Date: __April 22, 2008__

No. pages (including cover sheet): __4__
Date sent:

---

"FOR OFFICIAL USE ONLY" U.S. ATTORNEY FACSIMILE COMMUNICATION

The information contained in this facsimile message, and any and all accompanying documents, constitute "FOR OFFICIAL USE ONLY" information. This information is the property of the U.S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this information in error, please notify us immediately by telephone at the above number and destroy the information.

---

To:  Paula Junghans & Andrew Goldfarb      202-822-8106
     Brian Linder & Isabelle Kirshner      212-949-8255
     John J. Tigue, Jr.                    212-856-9494
     Peter H. Barrett                      228-868-1531
     Paul Bergman                          212-755-5509
     James Tucker                          601-985-4500
     Howard Heiss & Mark Racanelli         212-326-2061

Fax No.:

REMARKS:



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 22, 2008

By Fax and First Class Mail

Paula M. Junghans, Esq.
Andrew Goldfarb, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW
Washington, D.C. 20036-5802

James Tucker, Esq.
Peter Barrett, Esq.
Butler, Snow, O'Mara, Stevens, and Cannada
AmSouth Plaza
210 East Capitol Street, Suite 1700
Jackson, MS 39201

Howard Heiss, Esq.
Mark Racanelli, Esq.
O'Melveny & Myers, LLP
Times Square Tower
7 Times Square
New York, NY 10036

Brian Linder, Esq.
Isabelle Kirshner, Esq.
Clayman & Rosenberg
305 Madison Avenue
New York, New York 10165

John Tigue, Jr., Esq.
Kristy Milkov, Esq.
Morvillo, Abramowitz, Grand,
   Iason, Anello & Bohrer P.C.
565 Fifth Avenue
New York, NY 10017

Re:   United States v. Coplan et al., S1 07 Cr. 453 (SHS)

Dear Counsel:

      This letter is in response to the letter of Isabelle Kirshner, Esq., dated April 9, 2008, requesting a bill of particulars on behalf of all the defendants, the March 26, 2008 letter of James Tucker, Esq., requesting a bill of particulars with respect to defendant Brian Vaughn, and the April 15, 2008 letter of Mark Racanelli, Esq., requesting additional particulars on behalf of defendant Charles Bolton. In light of the detailed allegations set forth in the superseding indictment, and the voluminous discovery provided by the Government, no bill of particulars is warranted here.

Counsel List
April 22, 2008
Page 2

      As you know, a bill of particulars is not a general investigatory tool for the defense. *See United States* v. *Salazar*, 485 F.2d 1272, 1277-78 (2d Cir. 1973). Rather, the proper scope and function of a bill of particulars is to provide sufficient information about the nature of the charges to enable a defendant to prepare for trial, to avoid unfair surprise, and to preclude a second prosecution for the same offense. Fed. R. Crim. P. 7(f); *see United States* v. *Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *United States* v. *Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *United States* v. *Remire*, 400 F.Supp.2d 627, 633 (S.D.N.Y. Nov. 30, 2005) (Stein, J.). If the information the defendant seeks "is provided in the indictment or in some acceptable alternate form," such as discovery, no bill of particulars is required. *Bortnovsky*, 820 F.2d at 572; *United States* v. *Spy Factory*, 960 F. Supp. 684, 690-91 (S.D.N.Y. 1997). The Government is not required to (1) "particularize all of its evidence," *United States* v. *Cephas*, 937 F.2d 816, 834 (2d Cir. 1991); *Torres*, 901 F.2d at 234 ("acquisition of evidentiary detail" is not the function of a bill of particulars); (2) disclose the precise manner in which the crimes charged in the Indictment were committed, *United States* v. *Andrews*, 381 F.2d 377, 378 (2d Cir. 1967); *Torres*, 901 F.2d at 233-34 (demands for "whens" and "wheres" and "by whoms" within charged conspiracy are improper attempts at general pre-trial discovery); *Remire*, 400 F.Supp.2d at 633; or (3) provide the defendant with a preview of the Government's case or legal theory. *United States* v. *Mason*, 2007 WL 541653 at *5 (S.D.N.Y. Feb. 16, 2007) (bill of particulars is not to be used to give defendant a road map to the Government's case); *United States* v. *Muyet*, 945 F. Supp. 586, 598-99 (S.D.N.Y. 1996).

      The superseding indictment in this case is extraordinarily particularized, setting forth at great length and in considerable detail the fraudulent schemes in which the defendants participated, and the means and methods by which they accomplished their criminal objectives. It describes in painstaking detail, over the course of 107 pages, the defendants' efforts to defraud the IRS and to impede and impair the functions of the IRS in ascertaining, evaluating, assessing and collecting hundreds of millions of dollars in taxes, while reaping substantial fees for Ernst & Young and other entities. The allegations describe in detail the conspirators' sustained, multi-year effort to conceal the fraudulent transactions from the IRS and defeat the IRS's efforts to investigate the transactions. In the conspiracy count, the superseding indictment specifically identifies sixty-three overt acts committed in furtherance of the scheme, as well as specifically describing eleven means and methods of the conspirators. The superseding indictment alone is more than enough to advise you of the "specific acts" of which the defendants are accused.

      In addition, the Government has provided, and is continuing to provide, you with voluminous discovery, much of which is electronically searchable. The volume of discovery produced, along with the accessible format in which it has been produced, provides you with more than enough information about the nature of the charges and the evidence against the defendants to eliminate any prospect of unfair surprise. Moreover, many of your requests ask the Government to "confirm" information that is patently obvious from the discovery already produced. Such requests are not an appropriate function or use of a bill of particulars.

      Thus, although styled as demands for particulars, your requests are in fact simply efforts to determine "evidentiary detail about the Government's case," which defendants have no

Counsel List
April 22, 2008
Page 3

right to obtain by way of a bill of particulars. *See, e.g., Mason*, 2007 WL 541653 at *5; *United States v. Felix*, 1992 WL 322015 at *2 (S.D.N.Y. Oct. 28, 1992).

      Accordingly, the Government declines to provide at this time the particulars requested in your letter. If you wish to provide authority to support your entitlement to any of the particulars requested (none is cited in your letters), we will be happy to review it.

      Very truly yours,

      MICHAEL J. GARCIA
      United States Attorney
      Southern District of New York

By: *[signature]*
      Lauren Goldberg/Marshall A. Camp
      Assistant United States Attorneys
      (212) 637-1040/1035