# EXHIBIT C

**Policy Statement 4-26 (Formerly P-4-84)**

**Effective: October 5, 2005**

(1) **Criminal and civil aspects in enforcement:** The purpose of criminal and civil tax investigations is to enforce the tax laws and to encourage voluntary compliance. Experience has demonstrated that attempts to pursue both the criminal and the civil aspects of a case concurrently may jeopardize the successful completion of the criminal case. It is, therefore, necessary in the interests of criminal enforcement of the law, to identify those instances when criminal actions generally will take precedence over the civil aspects. To successfully curtail the spread of abusive tax schemes and the incumbent loss of revenue caused by such schemes, it is also necessary to identify those instances where civil and criminal actions should be coordinated to stop abusive promoters and return preparers.

(2) **Civil enforcement actions on taxable periods of the same and other types of tax not involved in the criminal investigation:** Civil enforcement actions, including enforced collection activity, with respect to taxable periods of the same and other types of tax **not included** in the criminal investigation generally do not imperil successful criminal investigation or subsequent prosecution. Therefore, civil enforcement actions for tax liabilities for such other taxable periods or different types of tax for the same periods will proceed concurrently unless there is agreement between the responsible functions to withhold civil action in whole or part during the pendency of the criminal investigation. The responsible functions must coordinate any proposed enforcement action to minimize any adverse consequences. Coordination meetings should be held as frequently as needed and, at a minimum, quarterly.

This section also applies to the income tax examinations of persons participating in a tax scheme promoted by the subject of a criminal investigation. Although the participants' income tax examinations should proceed concurrently with the promoters' criminal investigations, the civil examiners should keep the criminal investigators apprised of anticipated actions. The civil examiners and criminal investigators, through their respective counsel, will discuss any civil actions that they believe may imperil a successful criminal investigation or subsequent prosecution.

If Criminal Investigation (CI), the Division Compliance functions, and their respective Counsel cannot reach agreement to proceed concurrently, resolution will be by elevation to the next level of management. If an executive champion has been assigned to the issue, the champion should also be involved in this process. The first step would be at the Territory Manager and Special Agent in Charge (SAC) level, the second step would be at the Area Director/ Director, Field Operations and the CI Director of Field Operations (DFO) level, and the final step would be at the Compliance Director/ Division Commissioner and the Chief, Criminal Investigation level. If agreement cannot be reached, the Deputy Commissioner, Services and Enforcement,

will decide if civil action should be withheld. At each level at which the disagreement is considered, the appropriate Counsel offices will also be involved in the deliberations.

(3) **Civil enforcement actions on matters involved in criminal investigation:** Civil enforcement actions with respect to the same taxable periods and same types of taxes for those periods included in the criminal investigation may imperil subsequent prosecution. Therefore, the consequences of civil enforcement actions on the criminal investigation and prosecution case should be carefully weighed. If CI, the Division Compliance functions, and their respective Counsel cannot reach agreement on proceeding, resolution will be by elevation to the next level of management using the steps described in the previous section. However, there generally should be no suspension of collection action on assessed amounts of tax liabilities reported on filed returns.

(4) **Civil and criminal enforcement actions to stop abusive promoters and return preparers:** Civil Promoter Penalty examinations and injunctions against promoters of abusive tax avoidance transactions and tax return preparers should not ordinarily be delayed because of the existence of a criminal investigation or proceeding. The purpose of civil injunctions is to quickly stop promoters and preparers from selling abusive tax avoidance transactions, thus curtailing the spread of illegal tax schemes and the loss of revenue caused by such schemes.

Civil and criminal functions of the IRS should consider the appropriate action(s) against the promoter or preparer that will stop the sale of the promotion or return preparation quickly. This may be accomplished by pursuing solely a criminal investigation, solely a civil investigation, or parallel civil and criminal investigations. The mere existence or possibility of a criminal investigation or referral should not automatically delay or forestall either an injunction investigation or an injunction referral to DOJ. Likewise, the existence or possibility of a civil injunction investigation or proceeding should not automatically forestall a criminal investigation.

If concerns are raised about the timing of a civil audit, investigation, or proceeding, or other objections to the criminal or civil investigation, those concerns or objections should be resolved by consultation among the civil and criminal agents and their supervisors, Counsel Attorneys and their managers. When the matter has been referred, the Department of Justice (DOJ) and/or United States Attorney's Office should also be included in the decision-making process.

When CI and the Division Compliance functions cannot reach agreement on how to proceed on the investigation, separate memoranda will be sent to the respective Territory Manager and Special Agent in Charge. The memoranda should summarize the facts of the open investigation, projected actions, and set forth the specific civil actions identified as roadblocks to a parallel investigation. If the Territory Manager and Special Agent in Charge do not reach agreement, they should involve the SB/SE LDC or LMSB Promoter Program Function and CI Financial Crimes for their assistance in resolution of the dispute. The SBSE LDC or LMSB Promoter Program will work with CI

Financial Crimes and their respective operating division counsels to assist in resolution of the dispute.

If agreement is not reached, the Area Director/Director Field Operations and CI Director of Field Operations (DFO) will attempt to resolve the case issues. The next elevation level will be the SB/SE Director, Reporting Enforcement or the LMSB Industry Director (in consultation with the Promoter Program executive champion) and the CI Director, Financial Crimes. The Deputy Commissioner, Services and Enforcement is delegated as the final authority for the determination of the appropriate case action. At each level, the appropriate Counsel offices will also be involved in the deliberations.

(5) **Operating divisions and functions involved in this process:** Although the specific provisions above focus on the cooperation between Criminal Investigation, SB/SE and LMSB operating divisions, this policy also applies to Internal Revenue Service functions not specifically mentioned, including but not limited to W&I, TEGE, and Appeals. All IRS functions will conduct civil/criminal coordination in a manner consistent with this policy statement.