UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ x

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| - v. - | : |
| | : |
| ROBERT COPLAN, | : |
| MARTIN NISSENBAUM, | : |
| RICHARD SHAPIRO, | :   (S1) 07 Cr. 453 (SHS) |
| BRIAN VAUGHN, | : |
| DAVID SMITH, and | : |
| CHARLES BOLTON, | : |
| | : |
| Defendants. | : |

------------------------------------------ x

# REPLY IN SUPPORT OF MOTION OF ROBERT COPLAN TO DISMISS COUNTS FIVE AND ELEVEN OF THE SUPERSEDING INDICTMENT

ZUCKERMAN SPAEDER LLP
Attorneys for Robert Coplan
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1800

Of Counsel:
Paula M. Junghans
M. Sandy Weinberg
Andrew N. Goldfarb

1832995.2

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

I.     Count Five Should Be Dismissed for Lack of Venue.......................................................1

II.    Count Eleven Should Be Dismissed for Lack of Venue..................................................2

CONCLUSION.....................................................................................................................10

**INTRODUCTION**

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, defendant Robert Coplan respectfully submits his reply in support of his motion to dismiss Counts Five and Eleven of the superseding indictment for lack of venue.

The government's opposition fails with respect to both Counts Five and Eleven. As to Count Five, the government generally recites the allegations in the indictment, but notably fails to allege that Mr. Coplan performed or directed any of the alleged "affirmative acts of evasion" that may have occurred within the Southern District of New York. As to Count Eleven, the government presents an unbounded approach to venue in § 1001 prosecutions that is at odds with Supreme Court and Second Circuit precedent, grounded in the Constitution, that confirms that venue for prosecutions lies where proscribed conduct of the defendant occurred. The cases cited by the government differ significantly from this case.

The undisputed facts of this case, the two criminal statutes at issue, and applicable precedent do not support the government's effort to expand the law of venue so that it may try Mr. Coplan for tax evasion and false statements in the Southern District of New York. Mr. Coplan's motion to dismiss Counts Five and Eleven should be granted.

**I.     Count Five Should Be Dismissed for Lack of Venue.**

In its opposition to Mr. Coplan's motion regarding Count Five, the government does little more than re-state the allegations in the indictment, suggesting it is sufficient to insert the word "Manhattan" into the summary of allegations.[1] The government concedes that Mr. Coplan's tax return for 2000 was neither prepared nor filed in this district. Opp. at 27. Moreover, the

---

[1] The government attempts to buttress its argument by contending that the Southern District of New York "played a central and critical role in the conspiracy alleged in Count One. . . ." Opp. at 26. Mr. Coplan's motion does not challenge venue for Count One; in any event, as the government recognizes, venue must be proper with respect to each count in a multi-count indictment. *See id*. at 22 (citing *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1188 (2d Cir. 1989)).

government does not contend that Mr. Coplan himself performed in Manhattan any of the three acts that it identifies as affirmative acts of evasion as having occurred here. Absent such allegations, the matter should be ripe for decision at this stage, but Mr. Coplan reserves the right to review his venue challenge after the government presents its evidence.

**II.     Count Eleven Should Be Dismissed for Lack of Venue**

Mr. Coplan moved the Court to dismiss Count Eleven, which charges him with a violation of 18 U.S.C. § 1001(a)(2) for statements he made at a deposition in Washington, D.C. in June 2002. The government's opposition confirms that there are no undisputed facts regarding the circumstances and location of Mr. Coplan's statements. A trial on this count is therefore not necessary to elicit or establish additional facts relevant to a determination of whether venue is proper in the Southern District of New York for Count Eleven. Accordingly, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, the Court can and should resolve the legal issue raised by the government's allegation in the indictment that Mr. Coplan made false statements "in the Southern District of New York and elsewhere." *See* Fed. R. Crim. P. 12(b)(2); *United States v. Reed*, 601 F. Supp. 685 (S.D.N.Y.), *rev'd on substantive grounds*, 773 F.2d 477 (2d Cir. 1985) (dismissing two counts of indictment for improper venue on defendants' Rule 12(b) motion).

As regards Count Eleven, the government's open-ended formulation of venue departs starkly from Justice Frankfurter's enduring statement about the fundamental importance of proper venue to criminal prosecutions:

> Questions of venue in criminal cases . . . are not merely matters of formal legal procedure. They raise deep issues of public policy in the light of which legislation must be construed. If an enactment of Congress equally permits the underlying spirit of the constitutional concern for trial in the vicinage to be respected rather than to be disrespected, construction should go in the

>direction of constitutional policy even though not commanded by it.

*United States v. Johnson*, 323 U.S. 273, 276 (1944).

The government contends that venue for a § 1001 violation lies "not only in the district where such statements initially were made, but also in the district or districts to which the statements *subsequently were transmitted and acted upon*." Opp. at 25 (emphasis added). This unbounded formulation – which if accepted would give the government broad control over the venue of its prosecutions – turns the law of venue on its head and violates the fundamental principles on which the venue requirement rests. *See Johnson*, 323 U.S. at 275 (inappropriate reliance on the "continuing offense" doctrine "leads to the appearance of abuses, if not to abuses, in the selection of what may be deemed a tribunal favorable to the prosecution."). It is inconsistent with the Constitution, Fed. R. Crim. P. 18, the text of § 1001, and the Supreme Court's admonition in *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999), that a criminal statute's "*conduct-related* elements" determine venue.

Contrary to the government's interpretation, venue depends upon where the proscribed conduct of the *defendant* occurs. "Prosecution should take place *only* in those districts in which *an act occurs that the statute at issue proscribes.*" *United States v. Smith*, 198 F.3d 377, 384 (2d Cir. 1999) (emphasis added) (citing *United States v. Brennan*, 183 F.3d 139, 147 (2d Cir. 1999)). The Supreme Court has repeatedly instructed courts to focus on the "*essential conduct elements*" of a criminal statute when determining venue. *Rodriguez-Moreno*, 526 U.S. at 280; (focusing on the of 18 U.S.C. § 924(c)(1) (emphasis added)); *United States v. Cabrales*, 524 U.S. 1, 6-7 (1998).

It is undisputed that, as regards Count Eleven, Mr. Coplan himself did *nothing* in the Southern District of New York. The government concedes that Mr. Coplan made the allegedly

3

false statements in Washington, D.C., and that they were received there by government agents conducting the promoter penalty examination. Opp. at 28. Thus, the government necessarily ignores the sole element of § 1001 relevant to a venue determination in this case – the making of a statement by the defendant. *See* 2 Leonard B. Sand *et al.*, Modern Federal Jury Instructions ¶ 36.01, Instr. 36-9 (updated through Dec. 2007).

Instead, the government asks the Court, in making a venue determination, to focus on the location of everyone *except* the defendant: where the government chose to locate its investigation (Opp. at 27);[2] where the defendant's employer located its headquarters (*id.*); where the government told the defendant's employer to respond to a summons (*id.* at 28);[3] and the location from which some of the government's agents traveled for the June 20, 2002 deposition in Washington, DC (*id.*). None of this is relevant to determining the permissible venue for Count Eleven, because none of this conduct by the government or Ernst & Young is an act that § 1001 proscribes. *See Smith*, 198 F.3d at 384.

The government relies principally on *United States v. Ramirez*, 420 F.3d 134 (2d Cir. 2005), claiming that it "effectively overruled" Judge Sand's decision in *United States v. Bin Laden*, 146 F. Supp. 2d 373 (S.D.N.Y. 2001). In fact, differences between those two cases explain why *Ramirez* does not control here. *Ramirez* involved the transfer of a *written* statement

---

[2] The Internal Revenue Service "exists" everywhere in the United States. It must, of course, conduct its business somewhere. However, it is anomalous, and contrary to constitutional venue principles, for the government to contend that where Mr. Coplan's alleged crime – a violation of § 1001 for statements uttered entirely and only within in the District of Columbia – was "committed" depends upon where the IRS chose to conduct this particular piece of government business.

[3] The government relies on the affidavit of Mr. Vaughn's counsel to assert that Mr. Coplan testified "pursuant to the summons" issued by the IRS to Ernst & Young. Opp. at 28. Mr. Tucker's affidavit, made on information and belief, does not expressly state that Mr. Coplan testified pursuant to the summons; it states only that Mr. Vaughn testified pursuant to the summons, and that Mr. Coplan and others also testified. *See* Affidavit of James Tucker ¶ 4. Mr. Tucker misstates the date of Mr. Coplan's testimony – it was June 20, 2002. Regardless, the fact that a summons was issued to Ernst & Young, not to Mr. Coplan, is besides the point. Had a summons been issued directly to Mr. Coplan, it could have been enforced only in the judicial district in which he resided, not the district from which it was issued. 26 U.S.C. § 7402(b).

after its initial delivery to a governmental authority; thus, the *Ramirez* court closely followed *United States v. Candella,* 487 F.2d 1223 (2d Cir. 1973), which had very similar facts. By contrast, *Bin Laden*, like this case, concerned *oral* statements delivered directly to and immediately received by the governmental representatives responsible for receiving and acting on the statements.[4] The *Bin Laden* court cogently explained why *Candella* did not control where there was no "geographic discontinuity between the defendants' physical *making* of the disputed statement . . . and the actual *receipt* of that statement by the relevant federal authority." 146 F. Supp. 2d at 376 (emphasis in original). In *Ramirez*, a state agency transferred written forms to the federal agency in New York for processing and action. Thus, the "relevant federal authority" for the specific facts in *Ramirez* was the Department of Labor office in the Southern District of New York.

The government's attempt to buttress its misplaced reliance on *Ramirez* with reference to commentary on *Bin Laden* from a decision from another district court in this Circuit is unavailing. *See* Opp. at 30-31 (citing *United States v. Mahaffy*, No. 05-CR-613, 2006 WL 2224518 (E.D.N.Y. Aug. 2, 2006)). First, the *Mahaffy* decision is not binding on this Court. *See, e.g.*, *Hawkins v. Steingut*, 829 F.2d 317, 321 (2d Cir. 1987); *MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*, 435 F. Supp. 2d 285, 300 (S.D.N.Y. 2006). Second, the *Mahaffy* court said only that, in light of *Ramirez*, Judge Sand in *Bin Laden* "*might* have ruled differently," and suggested what *Ramirez* "implies" about the application of the continuing offense doctrine in a case – unlike *Ramirez* itself – where the statement is received immediately and directly by the relevant

---

[4] The *Ramirez* false statement prosecution also concerned a different subsection of § 1001 from that at issue here. As the statement in *Ramirez* was written, the Second Circuit focused on § 1001(a)(3), which subjects to certain punishments anyone who "*makes or uses* any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement." *See* 420 F.3d at 142 (adding emphasis to "makes or uses" language in § 1001). By contrast, Mr. Coplan's deposition statements were oral, and Count Eleven charges a violation of § 1001(a)(2), which contains only a single conduct-related element – the making of a statement.

federal authority. 2006 WL 224518, at *9. *Ramirez* did not mention or discuss the *Bin Laden* decision. As explained above, *Ramirez* and *Candella* are distinguishable from *Bin Laden* and this case.

The government asserts that a "critical[]" reason supporting venue in the Southern District is that "the force and effect of" Mr. Coplan's statements during the deposition "were felt primarily in New York." Opp. at 28. There is no support in decisions of the Second Circuit for the government's contention that venue for a § 1001 violation can be based on location of the *effect* of the alleged statement. As an initial matter, in *Rodriguez-Moreno*, the Supreme Court expressly declined to resolve the issue of whether venue for the offense at issue in that case would be proper in a district where none of the unlawful conduct occurred, but the effects of such conduct were felt. 526 U.S. at 279 n.2. Moreover, Congress has not provided a basis to set venue in the district of actual or intended impact of an allegedly false statement. First, a conviction for a § 1001 violation does not require the government to prove that the false statement had an effect. *See* 18 U.S.C. § 1001; *Bin Laden*, 146 F. Supp. 2d at 378-79. Second, unlike other criminal statutes, § 1001 does not have any venue provision, let alone one by which Congress has authorized prosecution to occur where the criminal conduct was intended to have an effect. *Cf.* 18 U.S.C. § 1512(i) (obstruction of justice) (prosecution "may be brought in the district in which the official proceeding . . . was intended to be affected").[5] As Congress has

---

[5] One case cited by the government, *United States v. Salinas*, 373 F.3d 161 (1st Cir. 2004), suggested in *dicta* that § 1001's requirement of "materiality" justifies prosecution in the district in which the effects of the false statement are felt. 373 F.3d at 167. This is too thin a textual reed on which to hang such an expansive view of venue under § 1001, and even the government declines to grasp it in its opposition. Indeed, the government selectively omits the references to "materiality" as the reason posited in *Salinas* for an effects-based approach to venue in § 1001 prosecutions. *See* Opp. at 25. Materiality is not a conduct-related element, and thus permitting prosecution under § 1001 in any district wherein lies evidence of a statement's materiality would run counter to *Cabrales* and *Rodriguez-Moreno*. *See also Smith*, 198 F.3d at 384.

A second case relied upon by the government, *Untied States v. Angotti*, 105 F.3d 539 (9th Cir. 1997), is similarly inapplicable here. That case arose under 18 U.S.C. § 1014, which prohibits "knowingly mak[ing] any false

chosen not to define a § 1001 violation in terms of its effect, or to explicitly allow prosecution where the impact of the violation was felt, this Court should not permit such grounds to provide grounds for venue for Count Eleven to lie in the Southern District. *See Bin Laden*, 146 F. Supp. 2d at 379-80.

Under the government's view of venue, after receiving Mr. Coplan's statements in June 20, 2002, in the District of Columbia, the government could have sent the transcript to any district in the Untied States and initiated prosecution against Mr. Coplan in that district. Such an approach wrenches venue off its constitutional moorings and is at odds with decisions of the Supreme Court and this Circuit. *See, e.g.*, *Cabrales*, 524 U.S. at 6-7 ("[T]he locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it.") (citation omitted); *Smith,* 198 F.3d at 384; *Stephenson*, 895 F.2d at 875 (finding venue exists where false statement was "completed"). To allow prosecution of Count Eleven to proceed in this district based solely and entirely on actions undertaken and decisions made by the *government* invites exactly the prosecutorial abuse of and disrespect for the constitutional venue concerns described by Justice Frankfurter in *Johnson*, 323 U.S. at 275-76.

---

statement ... for the purpose of influencing ... the action" of a federally insured institution. In *Angotti*, the court found, consistent with the statutory language, that the "act of 'making' the false statements continued until the statements were received by the person whom they were ultimately intended to influence." *Id.* at 543. Section 1001(a)(2) does not contain any "conduct-related" element (e.g., "influencing" in 18 U.S.C. § 1014) other than the making of a statement. 18 U.S.C. § 1001(a)(2).

## CONCLUSION

For the foregoing reasons, the Court should grant the instant motion and dismiss Counts Five and Eleven from the superseding indictment.

Date: June 16, 2008 Respectfully submitted,

Zuckerman Spaeder LLP

 /s/  Paula M. Junghans_____
Paula M. Junghans (admitted *pro hac vice*)
M. Sandy Weinberg (admitted *pro hac vice*)
Andrew N. Goldfarb (admitted *pro hac vice*)
1800 M Street, NW, Suite 1000
Washington, DC 20036-5802
Telephone: (202) 778-1800
Facsimile:  (202) 822-8106

Attorneys for Robert Coplan

8

1832995.2

## CERTIFICATE OF SERVICE

  I, Paula M. Junghans, hereby certify that on June 16, 2008, a copy of the REPLY IN SUPPORT OF MOTION OF ROBERT COPLAN TO DISMISS COUNTS FIVE AND ELEVEN OF THE SUPERSEDING INDICTMENT was served via Electronic Case Filing on the following:

*Attorneys for United States of America*:

Lauren Goldberg, Esq.
Marshall A. Camp, Esq.
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

*Attorneys for Defendant Richard Shapiro*:

John J. Tigue, Jr., Esq.
Kristy Watson Milkov, Esq.
Morvillo, Abramowitz, Grand,
 Iason, Bohrer & Anello, P.C.
565 Fifth Avenue
New York, New York 10017

*Attorneys for Defendant Martin Nissenbaum*:

Charles E. Clayman, Esq.
Brian D. Linder, Esq.
Isabelle Kirshner, Esq.
Clayman & Rosenberg
305 Madison Avenue
New York, NY  10165

*Attorneys for Defendant Charles Bolton*:

Howard Heiss, Esq.
Mark A. Racanelli, Esq.
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

*Attorneys for Defendant Brian Vaughn*:

Paul B. Bergman, Esq.
950 Third Avenue
New York, NY  10022

James Tucker, Esq,.
Peter H. Barrett, Esq.
Butler, Snow, O'Mara, Stevens
 & Cannada, PLLC
P.O. Drawer 4248
Gulfport, MS  39502

              /s/ Paula M. Junghans
              Paula M. Junghans (admitted *pro hac vice*)

1832995.2