USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA             :

       - v.-                                  :     PROTECTIVE ORDER

ROBERT COPLAN,                       :     S1 07 CR 453 (SHS)
MARTIN NISSENBAUM,
RICHARD SHAPIRO,                     :
BRIAN VAUGHN,
DAVID L. SMITH, and                  :
CHARLES BOLTON,
                                     :
       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

       Upon the motion of the United States of America, Michael J. Garcia, United States Attorney, and with the consent of the defendants,

       IT IS HEREBY ORDERED, that the stipulations entered by the parties on June 21, 2007 and February 22, 2008 are hereby vacated; and

       IT IS HEREBY FURTHER ORDERED, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and pursuant to Title 26, United States Code, Section 6103(h)(4)(D), and in due consideration of the congressional policy favoring the confidentiality of returns and return information as set forth in Title 26:

       1)    All documents (and the information contained therein) disclosed by the Government in discovery ("disclosed documents") shall be used by the defendants, their counsel and their counsel's agents only for purposes of defending the charges, and pursuing any appeals, in this criminal action. To the extent disclosed documents are shown or provided to additional persons consistent with the terms set forth below, those additional persons may only use the documents and information shown or

provided in connection with this criminal action.

   2) The following information contained within disclosed documents is "confidential information":

    a. individuals' social security numbers;

    b. individuals' street addresses;

    c. individuals' telephone numbers;

    d. return and return information, as those terms are defined in Title 26, United States Code, Section 6103(b);

    e. individuals' bank and securities trading account numbers.

   3) Except insofar as less restrictive disclosure is permitted under the terms of paragraph 5, below, paper copies of disclosed documents containing confidential information may be shown to any person, or their counsel, provided that the persons to whom the documents are shown may not retain copies of such documents or take notes regarding the confidential information contained therein.

   4) Except insofar as less restrictive disclosure is permitted under the terms of paragraph 5, below, paper copies of disclosed documents may be provided to any person, or their counsel, provided however that any confidential information must be redacted from such copies.

   5) To the extent consistent with paragraph 1, electronic or paper copies of disclosed documents containing confidential information may be provided without redaction to the following persons:

    a. all personnel employed full-time or part-time by the defendants' attorneys and their law firms;

    b. independent expert witnesses or expert advisors retained by the defendants or their attorneys in connection with this criminal action;

    c. any person (including any current or former client or customer of Ernst & Young or any of the entities affiliated with Charles Bolton ("the Bolton entities"), or any potential client or customer of Ernst & Young or the Bolton entities -- i.e., an individual with whom tax strategies were discussed), as well as counsel to any such person, to the extent the documents provided pertain only to that person;

    d. the individuals who produced the documents to the Government, and current agents or employees of any entity that produced the documents to the Government, as well as counsel to such persons;

    e. current and former agents and employees of Ernst & Young, the Bolton entities, banks, accounting firms, brokerage firms, other financial institutions, and law firms, as well as counsel to such individuals, if the documents provided relate to a current or former client, potential client or customer of such entity (regardless of the source of the documents), and if the current or former agent or employee remains under a regulatory, ethical, professional or contractual obligation to maintain the confidentiality of information relating to those clients, potential clients and customers;

    f. with respect to former agents or employees of any entity

other than those listed in paragraph 5(e), as well as counsel to such individuals, **paper copies only** of disclosed documents containing confidential information may be provided, if those documents were produced to the Government by the former employer, or if the face of the documents indicate that the documents were at some point received by the former employer; and

    g.  such other persons as hereafter may be authorized by the Court upon ex parte application by the defendants, provided, however, that confidential information must be redacted from such copies unless the Court specifically authorizes the disclosure of unredacted documents.

  6)  Notwithstanding any of the provisions stated above, any return, as that term is defined in Title 26, United States Code, Section 6103(b), for a particular client or customer shall be shown only to that client or customer, counsel or financial advisors for that client or customer, any accountant who assisted in the preparation of the tax return, and any experts hired by the defendants in connection with this criminal case.

  7)  The defendants and their attorneys shall provide a copy of this Order to all persons to whom they show or provide copies of disclosed documents, including documents containing confidential information that are disclosed pursuant to paragraphs 3, 4 and 5. All such persons shall be subject to the terms of this Order, and shall sign an acknowledgment that they agree to be bound by its terms before disclosed documents are made available for their review. Violations of the terms of this Order may be punishable by a sanction deemed appropriate by the Court.

8) All persons to whom documents (in paper or electronic form) are provided by defense counsel consistent with the terms of this Protective Order shall, at the conclusion of the trial in this matter, or sooner in defense counsel's discretion, return the documents to defense counsel. In lieu of returning documents to defense counsel, such person may provide defense counsel with a signed statement that the original set of disclosed documents, and all copies made from the original set, have been destroyed, which in turn, will be provided to the Government. With respect to documents subject to this Protective Order that are maintained in the files of defense counsel and defendants, at such time as the documents are no longer needed for this criminal action, at the end of the criminal proceedings, or upon Order of the Court, whichever occurs first, all documents (in paper or electronic form) will be returned to the Government to the extent practicable. To the extent neither return nor destruction by defense counsel and defendants is practicable, defense counsel and defendants will undertake to ensure that any confidential information within the remaining files is maintained as confidential indefinitely.

9) The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, or trial held in this action or to any Judge or Magistrate Judge of this Court for purposes of this action, provided, however, that confidential information as defined in paragraph 2, above, shall be redacted in all public filings in accordance with Rule 49.1(e) of the Federal Rules of Criminal Procedure.

10) The terms of this Protective Order shall not apply to documents or information obtained by a defendant from a source other than the Government's

discovery. To the extent the Government's discovery contains documents that are also publicly available (without fault of a defendant), nothing in this Order shall restrict the use of such publicly available documents.

*This Protective Order may be amended for good cause shown.*

Dated: New York, New York
        July 28, 2008

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

## ACKNOWLEDGMENT

(Disclosure of Non-Confidential Materials Only or Disclosure to Individuals Pursuant to Par. 4, 5)

I acknowledge that I have received a copy of the Protective Order entered by the Court on July ___, 2008, in connection with the matter of United States v. Coplan, et al., S1 07 Cr. 453 (SHS). I agree to be bound by the terms of the Order, in particular, the terms that relate to the disclosure of documents to me, specifically paragraphs 1, 7 and 8. I understand, therefore, that: (1) I may only use the documents provided to me or shown to me, or the information contained therein, for purposes of this criminal case; and (2) I must return any documents provided to me (including any copies made of them) to defense counsel either upon the request of defense counsel, when the criminal case ends, or upon order of the Court. Alternatively, I agree to destroy the documents (and any copies) upon notification by defense counsel and provide defense counsel with a signed statement certifying such destruction. I also understand that, pursuant to paragraph 7 of the Order, a violation of these terms may be punishable by the Court.

_____

## ACKNOWLEDGMENT

(Disclosure to Individuals Pursuant to Par. 3)

(Documents Shown But Not Provided to Individuals)

I acknowledge that I have received a copy of the Protective Order entered by the Court on July ___, 2008, in connection with the matter of United States v. Coplan, et al., S1 07 Cr. 453 (SHS). I agree to be bound by the terms of the Order, in particular, the terms that relate to the disclosure of documents to me, specifically paragraphs 1, 3, and 7. I understand, therefore, that: (1) I may only use the documents shown to me, or the information contained therein, for purposes of this criminal case; and (2) I may not take notes regarding any information that paragraph 2 of the Order defines as "confidential information." I also understand that, pursuant to paragraph 7 of the Order, a violation of these terms may be punishable by the Court.

_____